|   |   |
|---|---|
| GARY M. RESTAINO<br>United States Attorney<br>District of Arizona<br>ALEXANDRIA SAQUELLA<br>Assistant U.S. Attorney<br>United States Courthouse<br>405 West Congress, Suite 4800<br>Tucson, Arizona 85701-5040<br>Telephone: (520) 620-7300<br>E-mail: alexandria.saquella@usdoj.gov<br>Attorneys for Plaintiff | ☒ FILED  ☐ LODGED<br><br>**Feb 12 2025**<br><br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF ARIZONA |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Halston D Oir Washington,<br><br>　　　　Defendant. | CR 24-09257 - AMM(EJM)<br>Mag. No. 24-05369M (EJM)<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

A.L. 2/12/25

## PLEA

The defendant agrees to plead guilty to Count 1 of the Indictment charging the defendant with a violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i), Conspiracy to Transport Illegal Aliens for Profit, a felony. Any remaining counts will be dismissed at the time of sentencing.

## ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

1. There was an agreement between two or more persons to commit the offense of transporting illegal aliens in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), that is, there was an agreement that all or some of the co-conspirators, knowing or in reckless disregard of the fact that aliens had come to, entered, or remained in the United States in violation of law, would knowingly transport such aliens within the United States by means of transportation or otherwise, in furtherance of such violation of law.

2. The defendant became a member of the conspiracy knowing that the object of the conspiracy was the transportation of illegal aliens and the defendant intended to accomplish said object for the purpose of private financial gain or commercial advantage.

## Maximum Penalties

A violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) is punishable by a maximum fine of $250,000.00, or a maximum term of imprisonment of ten (10) years, or both, plus a term of supervised release of three years and a special assessment of $100; the special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

The defendant will pay upon conviction an additional $5,000 special assessment pursuant to 18 U.S.C. § 3014(a), unless the Court determines that the defendant is indigent.

The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

## Immigration Consequences

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that the defendant has discussed this eventuality with their attorney. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration

consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

### AGREEMENTS REGARDING SENTENCE

1. <u>Stipulations regarding sentencing.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that:

   a. The defendant shall receive a two-level downward departure pursuant to U.S.S.G. § 5K3.1;

   b. Any prison sentence shall not exceed the high-end of the final advisory Sentencing Guidelines Range;

   c. The parties agree that the defendant was an average participant in the offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2;

   d. The parties agree that any specific offense characteristic pursuant to U.S.S.G. § 2L1.1 that are not explicitly stipulated to as part of the elements of the offense, in the factual basis, nor elsewhere in this plea, may be contested by either party at sentencing;

   e. The defendant agrees not to seek any other adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant acknowledges that if the defendant seeks any such adjustment or departure, the government may decline to move for the two-level downward departure pursuant to U.S.S.G. § 5K3.1 or withdraw from the plea. Notwithstanding this agreement, the parties agree that the total offense level determined under Chapters Two and Three shall decrease by 2 levels if the defendant meets all the criteria for Certain Zero-Point Offenders pursuant to U.S.S.G. § 4C1.1;

   f. Nothing in this agreement precludes the defendant from asking for a variance from the final advisory Sentencing Guidelines Range.

1    **This plea agreement is contingent on the successful guilty pleas of all**
2 **defendants in 24-05369M (EJM). If any of the co-defendants do not plead guilty in**
3 **this case, the government reserves the right to withdraw from the plea agreement.**

4    2. <u>Recommendation: Acceptance of Responsibility</u>. Pursuant to Fed. R. Crim.
5 P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation
6 Office of the circumstances surrounding the defendant's commission of the offense, and if
7 the defendant demonstrates an acceptance of responsibility for this offense up to and
8 including the time of sentencing, the United States will recommend a two-level reduction
9 in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§ 3E1.1(a). If
10 the defendant has an offense level of 16 or more, the United States will move for an
11 additional one-level reduction in the applicable Sentencing Guidelines offense level
12 pursuant to U.S.S.G. § 3E1.1(b).

13    3. <u>Non-Binding Recommendations</u>. The defendant understands that
14 recommendations under Fed. R. Crim. P. 11(c)(1)(B) are not binding on the Court. The
15 defendant further understands that the defendant will not be permitted to withdraw the
16 guilty plea if the Court does not follow a recommendation.

17    4. <u>Assets and Financial Responsibility</u>. The defendant shall make a full
18 accounting of all assets in which the defendant has any legal or equitable interest. The
19 defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
20 transfer any such assets or property before sentencing, without the prior approval of the
21 United States (provided, however, that no prior approval will be required for routine, day-
22 to-day expenditures). The defendant also expressly authorizes the United States Attorney's
23 Office to immediately obtain a credit report as to the defendant in order to evaluate the
24 defendant's ability to satisfy any financial obligation imposed by the Court. The defendant
25 also shall make full disclosure of all current and projected assets to the U.S. Probation
26 Office immediately and prior to the termination of the defendant's supervised release or
27 probation, such disclosures to be shared with the U.S. Attorney's Office, including the
28 Financial Litigation Program, for any purpose. Finally, the defendant shall participate in

the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

5. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

6. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

7. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

8. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

### Forfeiture, Civil, and Administrative Proceedings

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

### Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence consistent with this agreement that does not exceed the statutory maximum or any stipulated sentence, the defendant waives (l) any

and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, and any sentencing guideline determinations. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the defendant's conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any

information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. The defendant agrees that the stipulations set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

1   I agree to enter my guilty plea as indicated above on the terms and conditions set
2   forth in this agreement.
3   I have been advised by my attorney of the nature of the charge to which I am entering
4   my guilty plea. I have been advised by my attorney of the nature and range of the possible
5   sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the
6   sentence the court imposes.
7   My guilty plea is not the result of force, threats, assurances or promises other than
8   the promises contained in this agreement. I agree to the provisions of this agreement as a
9   voluntary act on my part, rather than at the direction of or because of the recommendation
10  of any other person, and I agree to be bound according to its provisions. I agree that any
11  potential sentence referred to herein or discussed with my attorney is not binding on the
12  Court and is merely an estimate.
13  I agree that this written plea agreement contains all the terms and conditions of my
14  plea and that promises made by anyone (including my attorney) that are not contained
15  within this written plea agreement are without force and effect and are null and void.
16  I am satisfied that my defense attorney has represented me in a competent manner.
17  I am not now on or under the influence of any drug, medication, liquor, or other
18  intoxicant or depressant, which would impair my ability to fully understand the terms and
19  conditions of this plea agreement.

20                     Factual Basis and Relevant Conduct

21  I further agree that the following facts accurately describe my conduct in connection
22  with the offense to which I am pleading guilty and that if this matter were to proceed to
23  trial the government could prove the elements of the offense beyond a reasonable doubt,
24  but this is not meant to be a complete recitation of all facts relevant to the underlying
25  criminal conduct or all facts known to either party that relate to that conduct:
26  ///
27
28

From a time unknown to on or about December 7, 2024, in the District of Arizona, I, Halston D Oir Washington, knowingly conspired and agreed with Sterling Lee Runyon, and other persons, known and unknown, to transport illegal aliens for profit. Specifically, on December 7, 2024, near Whetstone, I was the front seat passenger in a 2010 Chrysler Town and Country driven by Sterling Lee Runyon. We picked up four illegal aliens, including Jovani Alejandro Gonzalez-Mejia and Lizbeth Jimenez-Hernandez, and were transporting them in the vehicle. I knew the individuals were illegal aliens, and I intended to assist them in remaining in the United States unlawfully. I was going to be paid for the transportation.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

2-12-25
Date

_____
Halston D Oir Washington
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the _____ day of _____, 2024.

2-12-25
Date

_____
Enrique Rene Gonzales, Jr., Esq.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

2-12-2025
Date

*(signed) for*
ALEXANDRIA SAQUELLA
Assistant U.S. Attorney